IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. _____

| | |
|---|---|
| BETTY JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **NOTICE OF REMOVAL** |
| WELLS FARGO AUTO FINANCE, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Pursuant to 28 U.S.C. § 1441(a), Defendant Wells Fargo Financial South Carolina, Inc. (improperly named as Wells Fargo Auto Finance, LLC) (hereinafter "Wells Fargo") files this Notice of Removal of the captioned action from the North Carolina General Court of Justice, Superior Court Division, Mecklenburg County, where it is now pending, to the United States District Court for the Western District of North Carolina, Charlotte Division, and shows the Court the following:

1. Plaintiff Betty Jenkins filed this action on December 28, 2010, in the North Carolina General Court of Justice, Superior Court Division, Mecklenburg County.

2. Wells Fargo's registered agent received a copy of the Complaint and Summons in this case on December 29, 2010 by certified mail. Thus, the removal of this case is timely under 28 U.S.C § 1446(b).

3. This case is removable by Wells Fargo pursuant to 28 U.S.C. § 1441(a) as a civil action "of which the district courts of the United States have original jurisdiction."

4. The Court has original subject-matter jurisdiction over this case under 28 U.S.C. § 1332 because Plaintiff and Defendant Wells Fargo are citizens and residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Plaintiff has alleged that she is a resident of North Carolina. *See* Complaint, ¶ 1.

6. Wells Fargo is a corporation organized and existing under the laws of South Carolina with its principal place of business located in South Carolina.

7. In this case, Plaintiff alleges that Wells Fargo violated N.C. Gen. Stat. § 75-50, *et seq*. multiple times and is seeking actual damages and $4,000.00 per violation in statutory damages. In a settlement demand letter, Plaintiff's counsel stated that he believed the statutory violations could result in $454,000.00 in statutory penalties. Furthermore, Plaintiff seeks to recover her attorneys' fees under N.C. Gen. Stat. § 75-16.1. *See* Complaint*,* ¶ 55. Finally, Plaintiff seeks to recover punitive damages from Wells Fargo. *See id.*, p. 8.

8. Although Wells Fargo disputes and denies Plaintiff's claim, because the potential pecuniary impact of such a judgment against Wells Fargo would, according to Plaintiff, exceed $75,000, exclusive of interest and costs, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

9. This Court is the proper district court for removal because the General Court of Justice, Superior Court Division, Mecklenburg County is located within the United States District Court for the Western District of North Carolina.

10. As indicated by the attached Certificate of Service, a copy of this Notice is being served on Plaintiff. A copy of the Notice also is being filed with the Clerk of Superior Court of Mecklenburg County.

11. Pursuant to 28 U.S.C. 1446(a), copies of all pleadings and process previously provided to Wells Fargo in this action are attached to this Notice as <u>Exhibit A</u>. Wells Fargo has not filed anything in this action until now.

12. By virtue of this Notice of Removal of Action and the Notice filed in the Action, Wells Fargo does not waive its rights to assert any personal jurisdictional defense or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

WHEREFORE, Wells Fargo Financial South Carolina, Inc. (improperly named as Wells Fargo Auto Finance, LLC) respectfully prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove the action from the North Carolina General Court of Justice, Superior Court Division, Mecklenburg County, to the United States District Court for the Western District of North Carolina, Charlotte Division.

This the 28th day of January, 2011.

By: s/ Christina R. Hunoval
Christina R. Hunoval
N.C. State Bar No. 37194
Julia B. Hartley
N.C. State Bar No. 35188

NELSON MULLINS RILEY
& SCARBOROUGH LLP
Bank of America Corporate Center
100 North Tryon Street, Suite 4200
Charlotte, North Carolina 28202
Telephone: (704) 417-3000
Facsimile: (704) 377-4814
E-Mail: christina.hunoval@nelsonmullins.com
E-Mail: julia.bright@nelsonmullins.com

*Attorneys for Defendant Wells Fargo Financial South Carolina, Inc.*

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was duly served when the same was deposited into the United States Mail, first-class postage prepaid, addressed as follows:

>M. Shane Perry
>Shane Perry, PLLC
>174 N. Main Street
>Mooresville, NC 28115
>
>Travis E. Collum
>Travis E. Collum, Attorney at Law, P.A.
>Post Office Box 1739
>Mooresville, NC 28115

This the 28th day of January, 2011.

By: s/ Christina R. Hunoval
Christina R. Hunoval
N.C. State Bar No. 37194
Julia B. Hartley
N.C. State Bar No. 35188

NELSON MULLINS RILEY
& SCARBOROUGH, L.L.P.
Bank of America Corporate Center
100 North Tryon Street, Suite 4200
Charlotte, North Carolina 28202
Telephone: (704) 417-3000
Facsimile: (704) 377-4814
E-Mail: christina.hunoval@nelsonmullins.com
E-Mail: julia.bright@nelsonmullins.com

*Attorneys for Defendant Wells Fargo Financial South Carolina, Inc.*